# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: Wells Fargo COVID Forbearance Settlement Litigation | **Case No. 2:24-cv-1026** |
| | **Judge Michael H. Watson** |
| | **Magistrate Judge Deavers** |

## OPINION AND ORDER

This matter is before the Court on several of Kenneth and Kayla Rogers's ("Proposed Intervenors") motions: (1) Proposed Intervenors' motion to intervene; (2) Mr. Rogers's motion for an evidentiary hearing or, in the alternative, to compel discovery; and (3) Mrs. Rogers's motion to intervene. ECF Nos. 295, 304, 312. The Settling Parties[1] have opposed the motions, ECF Nos. 298, 307, 310, to which only Mr. Rogers has replied, ECF Nos. 313, 314. [2] For the reasons below, the Court **DENIES** the motions.

## I.     STATEMENT OF FACTS

This is a class action against Wells Fargo Bank N.A. and Wells Fargo & Co. (together, "Defendants") for their alleged misconduct in handling Plaintiffs' mortgage accounts during the height of the COVID-19 pandemic. Am. Compl.,

---

[1] Settling Parties includes Plaintiffs and Wells Fargo Bank N.A. and Wells Fargo & Co.
[2] Mr. Rogers also moved the Court to deem the Proposed Intervenors' motion to intervene, ECF No. 295, unopposed and grant the same on its merits, arguing that "no timely or authorized response to the motion to intervene exists on the docket." ECF No. 315. Though it is true that Settling Parties' response was untimely, the Court elects to consider the same. So, the Court **DENIES** that motion, ECF No. 315.

ECF No. 70.  According to Plaintiffs, Defendants, without authorization and/or adequate informed consent, placed their customers' mortgage accounts in forbearance.  *Id.* ¶¶ 5–7.  Plaintiffs filed this action in August 2020.  Compl., ECF No. 1.  Since then, the case has been largely resolved.  Indeed, in December 2024, the Court approved the final class settlement agreement, ECF No. 285, and the settlement administrator began disbursing settlement payments in March 2025, ECF No. 307.

Relevant here, Proposed Intervenors, a married couple, allege that they were erroneously excluded from the class.  ECF No. 295.

The facts from the briefs reveal the following.  Mrs. Rogers has held a mortgage note with Defendants since April 2018.  ECF No. 310-1 at PAGEID # 4291.  Mr. Rogers was not a co-borrower on the mortgage.  Second Stevens Decl. ¶ 6, ECF No. 310-1.

In April 2020, Mrs. Rogers's mortgage account entered Defendants' COVID relief forbearance program.  ECF No. 310-1 at PAGEID ## 4296–99.  At the end of her initial forbearance period, Mrs. Rogers extended the forbearance, first in October 2020 and again in January 2021, April 2021, and June 2021.  *Id.* at PAGEID ## 4301–22.  She also did not make any payments while her mortgage was in forbearance.  First Stevens Decl. ¶ 10, ECF No. 307-1.

Four years later, in January 2025, Mrs. Rogers did not receive notice of the class settlement.  ECF No. 313 at PAGEID # 4330.  Instead, Proposed

Intervenors learned of the settlement through Mr. Rogers's online research of litigation against Defendants. *Id.*

In Proposed Intervenors' view, they meet the class definition because Mrs. Rogers had a mortgage with Wells Fargo during the relevant period and her mortgage was moved into Defendants' forbearance program without adequate informed consent—specifically, they were not told about the addition of deferral payments to the principal or restrictions that would affect refinancing eligibility prior to entering forbearance. ECF No. 295.

So, Proposed Intervenors contacted class counsel and, subsequently, the settlement administrator about filing a claim as part of the class settlement. *Id.* But the settlement administrator determined that Proposed Intervenors were not excluded in error, and Defendants confirmed the accuracy of the settlement administrator's determination. *Id.*; ECF No. 307 at PAGEID # 4123. Proposed Intervenors and Mrs. Rogers (individually) now move to intervene and for an evidentiary hearing on their motions, arguing that, though class counsel and the settlement administrator have informed them that they are not class members, no one has explained *why* they are not class members. ECF Nos. 295, 304, 312.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 24 provides two methods for intervention: (1) intervention as a matter of right, or (2) permissive intervention. Fed. R. Civ. P. 24.

## A. Intervention as of Right

Federal Rule of Civil Procedure 24(a) governs intervention as of right, stating:

> On timely motion, the court must permit anyone to intervene who:
>
> > (1) is given an unconditional right to intervene by a federal statute; or
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Rule 24(a) requires a movant to satisfy four elements before a court will grant intervention as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (citation omitted). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (internal quotation marks and citation omitted).

**B.    Permissive Intervention**

Permissive intervention of private parties is governed by Rule 24(b)(1),

which states:

> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common
> question of law or fact.

Fed. R. Civ. P. 24(b)(1).  If the movant establishes a common question of law or

fact, the court "must consider whether the intervention will unduly delay or

prejudice the adjudication of the original parties' rights" in deciding whether to

grant permissive intervention.  Fed. R. Civ. P. 24(b)(3).

### III.    ANALYSIS

**A.    Motion for Evidentiary Hearing**

Because, as described below, there is sufficient evidence in the record for

the Court to conclude that Proposed Intervenors are not entitled to intervene, the

Court need not hold an evidentiary hearing or permit discovery on the matter.

*See Bradley v. Pinellas Cty. Sch. Bd.*, 961 F.2d 1554, 1556 (11th Cir. 1992)

(citation omitted).  Accordingly, Mr. Rogers's motion for an evidentiary hearing,

or, in the alternative, to compel discovery, ECF No. 304, is **DENIED**.

**B.    Motions to Intervene**

Proposed Intervenors argue that they are entitled to intervene in this action

because they are class members.  ECF No. 295.  The Settling Parties, however,

oppose, explaining that Proposed Intervenors do not meet the class definition.

ECF No. 307 at PAGEID # 4122.  The Court agrees with the Settling Parties.

### 1.     Timeliness

As a threshold matter, a court must determine whether a motion to intervene is timely. *See O'Bryant v. ABC Phones of N.C.*, No. 19-CV-02378-SHM-TMP, 2020 WL 7634780, at *8 (W.D. Tenn. Dec. 22, 2020) (quoting *NAACP v. New York*, 413 U.S. 345, 365 (1973)). Courts consider five factors when evaluating whether a motion to intervene is timely: stage of proceedings, purpose of intervention, length of time the movant is aware its interests may be impaired by the outcome of the litigation, prejudice to the other parties, and unusual circumstances. *Desai v. Geico Cas. Co*, No. 1:19-cv-2327, 2021 WL 6278416, at *2 (N.D. Ohio Jun. 22, 2021) (citation omitted).

After weighing the five factors, the Court concludes that the motions (ECF Nos. 295, 312) are timely. Though this case is at a late stage in terms of discovery and court rulings, Proposed Intervenors learned of the lawsuit in January 2025, and they wasted no time moving to intervene three months later, after the settling administrator confirmed that they were not left off the class list in error.

### 2.     The Class Definition

The Court's December 2024 Order approved the Settling Parties' Settlement Agreement. ECF No. 285. The Settlement Class is defined, in pertinent part, as follows:

> All persons in the United States who: (a) **had a mortgage serviced by Wells Fargo** that was placed into a COVID mortgage forbearance **without adequate informed consent** between March 1, 2020, and

December 31, 2021 ("At Issue Forbearance"); (b) were not a debtor or the co-borrower of a debtor in a Chapter 13 bankruptcy case on the date that the mortgage was placed into the forbearance; and (c) are not Wells Fargo's officers, directors, and employees, Counsel for Wells Fargo, Class Counsel, or any judge involved in this action or their immediate families. The Class and Class Members include all individuals who signed the deed of trust, mortgage or other security document associated with a Mortgage even if they did not sign the underlying promissory note or loan.

Agr. § 1(8)

For the purposes of the Settlement only, "Without Adequate Informed Consent" means:

a. the Mortgage entered Forbearance via Wells Fargo's online banking or interactive voice response ("IVR") portal before May 11, 2020, unless the customer (i) **made no payments from the date that the Forbearance was requested and continuing during the entire Forbearance period**; (ii) also requested Forbearance via Wells Fargo's online banking or IVR portal on or after May 11, 2020; or (iii) **requested a Forbearance extension**

Agr. § 1(72)

ECF No. 285 at PAGEID ## 3983–84 (emphasis added).

### 3.    Mr. Rogers does not have a mortgage serviced by Defendants.

To begin, the class is defined as including individuals who "had a mortgage serviced" by Defendants. *Id.* Here, Mr. Rogers was not a co-borrower on Mrs. Rogers's mortgage with Defendants, so he did not have a mortgage serviced by Defendants and, therefore, is not a class member. Second Stevens Decl. ¶ 6, ECF No. 310-1; *id.* at PAGEID # 4291.

Mr. Rogers argues that he is a class member because Mrs. Rogers gave him authorization to communicate with Defendants regarding her mortgage. ECF

No. 313 at PAGEID # 4334. But this does not overcome the definition's express requirement to have a mortgage serviced by Defendants. Mr. Rogers's authorization to communicate on behalf of Mrs. Rogers is simply irrelevant to the class definition. At bottom, because he is not a class member, disposing of this proceeding will not impair any of his rights. *See* Fed. R. Civ. P. 24(a). Nor does he have a "claim that shares with the main action a common question of law or fact" like the class members in this action. Fed. R. Civ. P. 24(b). Therefore, the motion to intervene is **DENIED** as to Mr. Rogers.[3]

### 4. The class definition excludes Mrs. Rogers.

In addition, though the settlement class definition relates to borrowers, like Mrs. Rogers, whose mortgage entered forbearance during the relevant period via the online banking or interactive voice response portal, the class definition has two relevant exclusions. Namely, a borrower who otherwise meets the class definition is excluded from the class if that borrower either (1) "made no payments from the date that the Forbearance was requested and continuing during the entire Forbearance period"; or (2) "requested a Forbearance extension." ECF No. 285.

---

[3] The Court notes that the settlement class definition also applies to individuals "who signed the deed of trust, mortgage or other security document associated with a [m]ortgage even if they did not sign the underlying promissory note or loan." ECF No. 285. Mr. Rogers, though, does not argue that he signed the deed of trust or any other security document related to the mortgage. Even if he did, Mr. Rogers is still not a proper member of the class for the same reasons as Mrs. Rogers.

These exclusions bar Mrs. Rogers from the class. First, Mrs. Rogers made no payments while her mortgage account was in forbearance from April 20, 2020, through September 1, 2021. First Stevens Decl. ¶¶ 8–10, ECF No. 307-1. Second, Mrs. Rogers extended the forbearance four times—in October 2020, January 2021, April 2021, and June 2021. *Id.* ¶¶ 7–8. By failing to make a payment during the forbearance period and requesting an extension during that time, Mrs. Rogers is doubly excluded from the class definition.

Mrs. Rogers, however, argues that she has a direct interest in this action because Defendants placed her mortgage in forbearance based on the same alleged misconduct—specifically, without adequate informed consent—and that the Settling Parties excluded her based on unverified evidence. ECF No. 312. Neither argument is availing.

Mrs. Rogers first appears to challenge the class definition, arguing that she suffered the same harm as the class members. ECF No. 312. The Court disagrees. By failing to make payments and seeking four extensions to the forbearance period, she was not "without adequate informed consent" as that phrase was defined by the parties, even if she would argue that, under a more colloquial definition, she lacked adequate informed consent of the forbearance. And, for better or for worse, the parties' definition controls membership in the class.

In addition, Mrs. Rogers argues that she was excluded based on unverified evidence. Mr. Rogers, in his reply briefing, further suggests that Defendants'

records are unreliable because it is unclear from those records if Mrs. Rogers affirmatively requested the forbearance extensions and if Defendants turned off her automatic payments. ECF No. 314 at PAGEID # 4353.

But the burden is on the proposed intervenor. *Brown v. Wilmington Trust, N.A.*, No. 3:17-cv-250, 2018 WL 3546185, at *5 (S.D. Ohio July 23, 2018). And, here, Mrs. Rogers has presented no evidence that she did not affirmatively request the extensions or that Defendants turned off her automatic payments. *See generally* ECF No. 301.

Finally, Mrs. Rogers is not without any remedy. Because she is not a member of the class, she has not released any of her potential claims against Defendants. So, to the extent she has viable claims, she may pursue her own cause of action against Defendants.

Accordingly, Proposed Intervenors' motion to intervene, ECF No. 295, and Mrs. Rogers's motion to intervene, ECF No. 312, are **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Mr. Rogers's motion for an evidentiary hearing, ECF No. 304, is **DENIED**. Proposed Intervenors' motion to intervene, ECF No. 295, is **DENIED**. Mrs. Rogers's motion to intervene, ECF No. 312, is **DENIED**. Mr. Rogers's motion to deem motion to intervene unopposed and grant on the merits, ECF No. 315, is **DENIED**

The Clerk shall terminate ECF Nos. 295, 304, 312, and 315 as pending motions.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**