**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE WELLS FARGO COVID FORBEARANCE SETTLEMENT LITIGATION** | : | **Case No. 2:24-cv-1026**<br>**Judge Michael H. Watson**<br>**Magistrate Judge S. Courter M. Shimeall** |

**OPINION AND ORDER**

This matter is before the Court on Movants Kayla Rogers' and Kenneth Rogers' Motion to File Document Under Seal and for an Indicative Ruling under Federal Rule of Civil Procedure 62.1. (ECF No. 341.) For the reasons that follow, the Motion is **DENIED WITHOUT PREJUDICE**.

**I.**

There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal only for "the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)).

To overcome that strong presumption of openness, a party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). And the parties seeking to seal documents must demonstrate "document-by-document, line-by-line" why they meet their burden to seal. *Shane Grp., Inc.*, 825 F.3d at 308. The party seeking the seal must therefore "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594 (citations and quotations omitted).

Generally, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (cleaned up). "[T]he privacy interests of innocent third parties" can also be a serious consideration for sealing. *Id.*

Ultimately, the moving party must demonstrate that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Moreover, simply filing redacted, public versions of the documents does not absolve the moving party from conducting this document-specific and narrowly tailored analysis. Instead, the Sixth Circuit's "heavy burden" for sealing "applies equally to both sealing and redacting documents from the public record." *NFocus*

*Consulting Inc. v. Uhl*, No. 2:20-CV-5106, 2020 WL 12687859, at *1 (S.D. Ohio Dec. 29, 2020) (citing *Shane Grp.*, 825 F.3d at 305–06).

**II.**

Upon review, Movants' Motion fails to meet the heavy burden for sealing. Moreover, it is otherwise unclear what they are seeking to file. They indicate they want to file under seal a Motion for Indicative Ruling under Fed. R. Civ. Pro 62.1, but do not provide reasons supporting the need for the motion, nor do they otherwise provide more than a cursory justification for sealing the entire filing. (*See* ECF No. 341); s*ee Prof'l Investigating and Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (finding that sealing an entire exhibit unnecessary when confidential business information could be redacted); *Cf. Total Quality Logistics, LLC v. Riffe,* No. 1:19-cv-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (finding a sealing request to be narrowly tailored when the parties did "not seek to seal the contents of the documents at issue completely. . . . Thus, the seal [was] no broader than necessary to address the compelling reason for non-disclosure.").

Accordingly, Movants have failed to demonstrate compelling reasons to support sealing an entire motion or the need for filing a motion at all.

**III.**

In sum, Movants' Motion is **DENIED WITHOUT PREJUDICE**. (ECF No. 341.)

**IT IS SO ORDERED.**

*<u>/s/ S. Courter M. Shimeall</u>*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**